## Corby et al. v. Swing et al.

*Sacks & Piwosky*, for plaintiff.

*John G. Kaufman*, for defendant.

BLUETT, J., April 16, 1935.—This was originally an action in assumpsit, started on September 29, 1930. On October 20, 1930, judgment was entered for want of a sufficient affidavit of defense and damages assessed in the sum of $793.86. On February 20, 1935, rules were granted to show cause why the judgment should not be stricken off and also to open the judgment and let the defendant into a defense. Answers to these rules were filed. In connection with the taking of depositions in support of defendant's rules, defendant caused a subpœna to issue by the clerk of the municipal court summoning the plaintiffs to appear and produce a long list of papers, books, etc., before John F. Solomon, notary public, 1018 Real Estate Trust Building. Plaintiff did not obey the subpœna and another subpœna was issued by the clerk of the Municipal Court summoning the plaintiffs to appear and produce a long list of papers, records, books, etc., before Simon Becker, notary public, 1018 Real Estate Trust Building, when the present rule was obtained by plaintiff to show cause why the subpœna should not be quashed.

An examination of both the subpœnas will indicate that in the blank space provided in the subpœna for the insertion of the name of the judge or the names of the judges who will sit in the particular matter, the names of the notary publics have been inserted, leaving the phrase "the judges of our Municipal Court of Philadelphia, in court room ————, in the City of Philadelphia". From the very wording of the subpœnas, it would appear that persons can be subpœnaed to appear only before the judges of the court and not before a notary public, and this is especially true where the subpœna also calls for the production of papers, books, records, etc.

There seems to be no right in the defendants to subpœna the plaintiffs and compel them to produce their books and records before a notary public. There is no doubt, however, that the court has right and authority to issue a subpœna to summon and bring before the respective court any person to give testimony in any case or matter pending before it, this under and by virtue of the Act of June 16, 1836, P. L. 784, sec. 22, 17 PS §2079. It will be noted that this act specifically states that the parties may be summoned to appear "before the respective court". There is no statute which I have been able to find which compels a witness to appear before a notary public and produce his books and records. This would be an extremely unfair proceeding. As was indicated by the late Judge Martin in Bliss v. Milholland, 10 Dist. R. 201, 203, quoting an unreported opinion in Thomas v. Smith, decided by the District Court of Philadelphia in 1849, and referred to by Judge Wiltbank in Simpler's Petition, 10 Dist. R. 141, 144:

" 'Where books and papers are produced before the court and jury in a public court, there is an evident restraint upon making a bad use of them. Were we to establish the precedent asked for, every defendant . . . would resort to this mode for the purpose of fishing up a defence or attack upon the plaintiff from his books and papers. There are few merchants who would be willing . . . to have all their letter-books and account-books taken to the office of a justice of the peace and then overhauled, studied and copied by their adversary or his lawyer.' "

Also in the case of Trimble, Sides & Co. v. Mulhollen, 8 Dist. R. 441, 443, the court said: "to allow a *subpœna duces tecum* to be issued at the will of the one party would be to encourage that party to annoy and harass the other party by fishing expeditions after evidence."

See also Patton, Common Pleas Practice (2d ed.) p. 486, which, after citing another case decided by the late Judge Wiltbank, uses the following language: "The point is, when you appear before a notary public, magistrate, or commissioner, in an office, there is no judicial power to rule, decide and enforce. And while, perhaps this may be only a thought arguendo, it would be far better practice, particularly in view of the fact that we have equity powers in Pennsylvania, to go to the equity side of the court and file a bill of discovery and have the protecting power of the court over the proceedings. One who actively has had to meet these demands knows what an injustice may be done by forcing the production of books, etc., on the mere whim of the opposite party."

It will be noted that the defendant in this case waited 4½ years after judgment was entered against him and after execution had been issued before taking any proceedings to have the judgment stricken off or opened and be let into a defense. It would seem, therefore, that apart from any action on the present rule, defendant should first show some equitable defense to the cause of action as set forth in the original statement of claim, or failure to have service made upon him, or some other equitable right to have the judgment opened.

At any rate, it would seem that the law does not authorize the issuing of a subpœna to compel one to produce his books and records before a notary public and for that reason the present rule is made absolute.